UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Ali Ghadersohi,

                         Plaintiff,                      **Hon. Hugh B. Scott**

                                                         08CV355S
                         v.

                                                        **Order**


Health Reaearch Inc., Roswell Park Cancer Institute,,

                        Defendant.
_____

      The plaintiff has filed two motions to amend the complaint (Docket No. 15 and 26) as well as a motion to compel discovery (Docket No. 16). The defendants have filed a motion for a protective order (Docket No. 24).

**Background**

      The plaintiff commenced this action claiming that by filing a form complaint on May 13, 2008 alleging that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). (Docket No. 1 at page 1). It appears that the plaintiff was employed by Health Research Inc. ("HPI") as a research scientist and performed his work at Roswell Park Cancer Institute ("RPCI"). He alleges that his employment was terminated, that he

was denied promotion, that he was harassed because of his national origin, age and disability. (Docket No. 1 at page 4).  He further alleges that he was retaliated against for complaining about the discrimination.  Id.  The plaintiff attached several documents to the complaint in support of his claims, principally documents relating to proceedings before the New York State Division of Human Rights ("DHR"), and the United States Equal Employment Opportunity Commission ("EEOC").

**Motions to Amend the Complaint**

On September 24, 2008, the plaintiff filed a motion to amend the complaint (Docket No. 15).  The proposed Amended Complaint attached to the motion is virtually identical to the original complaint, except that on page 3 of the proposed Amended Complaint the plaintiff states that the DHR did issue a decision (the original complaint stated that the DHR had not issued a decision).  The plaintiff also attaches a copy of the DHR decision to the documents attached to the proposed Amended Complaint.

On November 26, 2008, the plaintiff filed a second motion to amend the complaint (Docket No. 26).[1]  The proposed Second Amended Complaint is identical to the first two complaints with the exception that on page 3 of the Second Amended Complaint, the plaintiff states an additional date on which he received a right to sue letter from the EEOC. (Docket No. 26-2 at page 3).  The plaintiff also attaches a copy of the additional EEOC right to letter to the documents attached to the proposed Amended Complaint.

---

[1] Because this second motion to amend the complaint is substantially the same as the first motion, the Court did not seek additional briefings from the parties.

RPCI opposes the motion to amend the complaint on the grounds that the proposed amendment is not material or necessary. (Docket No. 22 at page 2).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading "shall be freely given when justice so requires." Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." Monahan v. New York City Dep't of Corrs., 214 F.3d 275, 283 (2d Cir.2000).

It does not appear that the proposed amendments add any new claims or material allegations. However, requiring the defendants to respond to the complaint is not overly burdensome and will not result in any prejudice. Upon consideration of the circumstances in this case, the Court will grant the motions to amend. The defendants shall file a response to the Second Amended Complaint within 20 days of this order.

**Motion to Compel**

The plaintiff also seeks to compel discovery. (Docket No. 16). Although not attached to his motion, it appears that the plaintiff requested that RPCI produce copies of documents identified in sections II and III of RPCI's Rule 26(a) disclosures. According to RPCI, this request came before the parties conferred as required under Rule 26(f), thus the plaintiff's request was premature pursuant to Rule 26(d)(" [a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). According to the defendants, the plaintiff made a second request for the documents on September 15, 2008. RPCI asserts that the plaintiff was informed that RPCI would need approximately 30 days to gather the documents. (Docket

No. 22 at ¶ 9).  On September 24, 2008, the plaintiff filed the instant motion, allegedly without contacting counsel for RPCI.  In any event, the instant motion is moot inasmuch as RPCI represents that it has since responded to the discovery request.  (Docket No. 22 at ¶¶ 11-12).  The plaintiff has not advised the Court that this production was inadequate.  The Court notes that the plaintiff has filed a detailed request for the production of documents that appear to go beyond the categories of documents involved in the instant motion. (Docket No. 27).

**Motion for a Protective Order**

The parties have submitted, in the form of a motion, a stipulation with respect to the confidentiality of certain discovery in this case. The stipulation appears to include "/s/" signatures of counsel for RPCI and the plaintiff.  HRI does not appear as a signatory to the document.  In light of the plaintiff's *pro se* status in this case, the parties shall submit a stipulation containing actual signatures of the plaintiff and *all* defendants.  If all parties to the action do not stipulate to the requested confidential treatment of the discovery, RPCI can make an appropriate motion for relief.

So Ordered.

                                                                                   */s/ Hugh B. Scott*
                                                              United States Magistrate Judge
                                                               Western District of New York

Buffalo, New York
December 1, 2008