UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALI GHADERSOHI,

                              Plaintiff,

                                                        **AMENDED**
        v.                                      **DECISION AND ORDER**

HEALTH RESEARCH, INC. and
ROSWELL PARK CANCER INSTITUTE,                      08-CV-355S

                              Defendants.

## I.  INTRODUCTION

        On February 29, 2009, the parties filed a Stipulation discontinuing this action with

prejudice  (Docket No. 45), stating that they had reached a settlement, the terms of which

were set forth in a separate Confidential Settlement Agreement ("the Agreement").  The

Court "So Ordered" the stipulation on February 13, 2009, and directed the Clerk of the

Court to close the case.  (Docket No. 48.)  On March 11, 2009, Plaintiff moved to enforce

the Agreement, alleging a breach by Defendant Roswell Park Cancer Institute ("RPCI").

(Docket No. 52.)  The motion was denied on August 10, 2009.  (Docket No. 62.)

        There are five additional motions now pending, three of which relate to this Court's

Decision on Plaintiff's motion to enforce.  RPCI has moved for its attorneys' fees incurred

in opposing the motion (Docket No. 68), and Plaintiff has moved for reconsideration of the

Court's decision on the motion (Docket No. 69) and for reconsideration and relief from

judgment (Docket No. 84).   Plaintiff also has filed two motions alleging that RCPI

committed further breaches of the Agreement.  (Docket Nos. 91, 96.)  All motions are fully

briefed and the Court finds oral argument is not necessary.  For the reasons stated below,

Plaintiff's motions are denied, and Defendant's motion is granted.

1

## II.  DISCUSSION

**A.   Plaintiff's Motions for Reconsideration and Relief from Judgment**

### 1.   *The Motion for Reconsideration*

In his supporting declaration, Plaintiff contends that this Court, in its Decision and Order, "was not sure what I was asking for.  I want the Court to Order defendants to live up to the agreement."  (Docket No. 70 ¶ 2.)  Plaintiff attaches various exhibits which he claims demonstrate the existence of a breach.  To the extent the exhibits are dated, all pre-date Plaintiff's motion to enforce.[1]

Motions for reconsideration are not recognized under the Federal Rules of Civil Procedure *in haec verba*.  Where, as here, a motion for reconsideration is filed no later than 10 days[2] after the challenged order or entry of judgment, courts ordinarily treat the motion as brought under Rule 59(e).  *See, e.g.*, Constellation Brands, Inc. v. Arbor Hill Assocs., Inc., No. 02 Civ. 6498 CJS, 2008 U.S. Dist. LEXIS 20264, at *5-6 (W.D.N.Y. Mar. 14, 2008).

Alteration of a court's judgment pursuant to Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." USA Certified Merchants, LLC v. Koebel, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003) (citations omitted).  "A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available

---

[1]  The sole exception is a copy of the Declaration of Fengzhi Li, dated April 18, 2009, and originally filed in opposition to Plaintiff's motion to enforce.  The Court considered this document, along with all others submitted by both parties, in ruling on the underlying motion.

[2]  At the time Plaintiff filed his motion, Rule 59(e) required that a motion to alter or amend a judgment be filed within 10 days after entry of the judgment.  Rule 59(e) has since been amended to allow for filing no later than 28 days after entry of the challenged judgment.

comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." Nnebe v. Daus, No. 06 Civ. 4991 KMK, 2006 U.S. Dist. LEXIS 58611, at *3 (S.D.N.Y. Aug. 7, 2006) (internal quotation marks and citation omitted).

The standard for granting a Rule 59(e) motion is strict, and reconsideration is generally denied as Rule 59(e) "motions are not a vehicle for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite of the apple." Celeste v. East Meadow Union Free Sch. Dist., 2008 U.S. Dist. LEXIS 61099, at *3 (E.D.N.Y. Aug. 5, 2008) (internal quotation marks and citation omitted); see also, Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (citation omitted)).

Plaintiff does not point to an intervening change of law, nor has he offered previously unavailable evidence or identified controlling law that the Court overlooked.  His sole basis for seeking reconsideration is his belief that this Court did not understand that he was seeking enforcement of the agreement—i.e., to direct Defendants to live up to their agreement.

As is fully discussed in the underlying decision, while Plaintiff was not clear in his "Motion Breach the Confidential Agreement" (Docket No. 52) whether he wished to reopen the underlying action or to enforce the Agreement, this Court ultimately concluded that he was seeking enforcement and proceeded to analyze his evidence and arguments accordingly.  So, even were this Court's alleged "misunderstanding" sufficient grounds for reconsideration—which it is not—Plaintiff's belief simply is incorrect.  Therefore, the motion

3

for reconsideration is denied.

## 2.     *Plaintiff's Motion for Reconsideration and Relief from Judgment*

In this motion, Plaintiff seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure, which provides for relief from a final judgment for six specified reasons. Plaintiff does not specify which of those reasons he relies on.  Upon review, it appears Plaintiff's motion is predicated on Rule 60(b)(1) and/or (2).

Rule 60(b)(1) provides district courts with discretion to relieve a party from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect," including the district court's own mistake of fact. FED. R. CIV. P. 60(b)(1); *see* Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011).  Here, Plaintiff contends that the Court made a statement that is "not mentioned in the Agreement" and that a particular factual finding is incorrect.  (Docket No. 84 ¶¶ 2, 7.)  Having reviewed Plaintiff's specific complaints, I find no mistake of fact that would alter the prior decision on his motion to enforce.

Relief under 60(b)(2) is warranted when a party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move . . . under Rule 59(b)." FED. R. CIV. P. 60(b)(2).  The Court will presume Plaintiff intended to move under this provision in light of his submission of 48 pages of exhibits.  The documents consist of emails to and from Plaintiff, letters regarding his work, and documents that are a matter of public record.  All predate the Court's decision on Plaintiff's motion to enforce.  The movant who seeks to obtain relief from judgment under Rule 60(b)(2) must meet an "onerous standard" by showing that, *inter alia*, he was justifiably ignorant of those facts despite due diligence. United Srates v. Int'l Bhd. of Teamsters, 247

F.3d 370, 392 (2d Cir. 2001).  Plaintiff has not attempted to make such a demonstration here.  Accordingly, his Rule 60(b) motion for relief from judgment is denied in its entirety. To the extent Plaintiff intends this motion serve as further support for his earlier motion for reconsideration under Rule 59(e), he has presented no basis to alter the conclusion reached above.

**B.    Plaintiff's First Claim of a Further Breach**

On October 22, 2009, Plaintiff filed a motion seeking damages for RCPI's alleged breach of the Agreement's confidentiality provision on July 31, 2009.  The circumstances are as follows.

On or about July 20, 1999, Plaintiff commenced an action in New York State Supreme Court, County of Erie, alleging a breach of the Agreement based on the same conduct as he alleged in this action in his "Motion Breach the Confidential Agreement" (Docket No. 52).  Plaintiff attached to his state court complaint numerous exhibits, including a copy of the Agreement.  Plaintiff also filed an Order to Show Cause asking that the state court seal the Agreement.  There is no indication that Plaintiff's request was granted.

Defendant RCPI removed the state court action to this Court on July 31, 2009, and it was assigned Docket No. 09-CV-689S.  RCPI attached to its Notice of Removal all papers Plaintiff served upon it prior to removal, which included the Agreement.  On August 6, 2009, Plaintiff filed a motion to seal the Agreement, RCPI joined in the motion on August 11, 2009, and the Court, on August 23, 2009, granted Plaintiff's motion to seal.  (09-CV-689, Docket Nos. 4, 5, 11.)  The exhibit containing the Agreement was sealed the same day.  (Docket No. 18.)

In his motion filed on October 22, 2009, Plaintiff alleges that RCPI breached the

Agreement's confidentiality provision when it filed a copy of the Agreement on the public docket in 09-CV-689, claiming that "[m]y case now is on the Website of Court access by public." (Docket No. 91 ¶ 2.) He further alleges he "believed the Breach the Confidentiality Agreement damaged my reputation and I will not get [a job for which I applied] because of back ground check and distributed of falsely accused letter from Ms. Susan Johnson dated December 13, 2007 on my file at RPCI." (*Id*. ¶ 7.) These allegations are considered in turn.

The confidentiality provision to which Plaintiff refers states, in pertinent part, that a party shall not disclose the Agreement's terms to any third parties "except and/or unless: (a) it is necessary to disclose the terms and contents of the Agreement for purposes of its enforcement; [or] (b) it is required by rule, law or judicial, administrative, or regulatory order to disclose such information." (*Id*. ¶ 1.) The statute governing the procedure for removal requires that a defendant desiring to remove any civil action from a State court must file in the appropriate district court a copy of all process, pleadings, and orders served upon the defendant. . . . ." 28 U.S.C. § 1446(a).  Moreover, this Court's Local Rules of Civil Procedure state that a removing defendant must attach to the notice of removal "each document filed and/or served in the state court action, individually tabbed and arranged in chronological order."  L. R. Civ. Pro. 81(a)(3)(B).  RCPI's compliance with these requirements does not constitute a breach.

Alternatively, this Court also notes that, at the time Plaintiff filed his motion claiming that the public then had access to the Agreement, the Agreement was, in fact, part of a sealed document which had not been publicly accessible for two months prior.  To the extent Plaintiff seeks enforcement of the Agreement, that remedy was accomplished upon

sealing of the Agreement on August 23, 2009.  And, to the extent Plaintiff seeks damages "in the sum of $500,000" (Docket No. 91 ¶ 8), he has offered no proof of harm.

Courts in this Circuit consistently have held that the principles of New York contract law govern disputes involving a settlement agreement.  Citizens Bank and Trust Company v. Se-Fish Assocs., 99-CV-0417E(Sr), 2003 U.S. Dist. LEXIS 18486, at *15 n.14 (W.D.N.Y. Spt. 30, 2003) (collecting cases).  To prevail on a breach of contract claim under New York law, a plaintiff must establish: (1) the existence of an agreement; (2) adequate performance of the contract by plaintiff; (3) breach of the agreement by the defendant; and (4) damages.  Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000); *see also*, Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996).   Even assuming RCPI's filing constituted a breach, Plaintiff's unsworn and unsubstantiated belief that he will not get a job in the future does not come near meeting the requisite showing on damages.

The same holds true with regard to Plaintiff's allegation that a document in his file at RPCI was improperly distributed.  Plaintiff has not pointed to any provision of the Agreement that was violated, offered any proof of disclosure, or identified any actual harm. Accordingly, Plaintiff's "Motion Breach the Confidential Agreement" (Docket No. 91) is denied in its entirety.

## C.     Plaintiff's Second Claim of a Further Breach

In a motion filed on October 28, 2009, Plaintiff alleges that a letter from RPCI's counsel, dated September 18, 2009, violates the Agreement.  In essence, the letter advises Plaintiff that any communications and correspondence to persons at RPCI must be directed to counsel.  (Docket No. 96, Ex. 1.)  Plaintiff contends this violates a provision of the Agreement which provides that RPCI will submit a paper he co-authored for

publication, subject to the consent of his fellow co-author at RPCI.  He goes on to inquire:
"Without communications with other people 'How RPCI expect Plaintiff Publish . . .
Paper?'" (Docket No. 96 ¶ 3).  Plaintiff requests an Order directing RPCI to rescind
counsel's letter.

Having reviewed all relevant documents, I will deny Plaintiff's motion.  The letter
Plaintiff wants rescinded does not prohibit him from communicating with anyone at RPCI;
it merely sets out a procedure for him to do so.  Because the Agreement does not
guarantee Plaintiff the right to communicate in a particular manner, the procedure RPCI
implemented to manage those contacts is not a violation.  Plaintiff does not contend that
the procedure has been ineffective, nor has he identified any resulting damages.  As
discussed in II(B), *supra*, Plaintiff's unsworn and unsubstantiated assertions that he lost
a job and/or is losing opportunities for future employment because of RPCI's numerous,
purported breaches are not sufficient to support a showing on damages.

**D.     RPCI's Motion for Attorneys' Fees**

Typically, in federal practice, each party bears its own attorneys' fees.  But where
parties agree by contract to permit recovery of attorneys' fees, a federal court will enforce
that contractual right so long as the contract is valid under state law.  Aspex Eyewear, Inc.
v. Cheuk Ho Optical Int'l Ltd., Nos.  00 Civ. 2389, 01 Civ. 1315, 2008 WL 4549118, at *3
(S.D.N.Y. Oct. 8, 2008) (citing Alland v. Consumers Credit Corp., 476 F.2d 951, 956 (2d
Cir. 1973); United States v. Carter, 217 U.S. 286, 322, 30 S. Ct. 515, 54 L. Ed. 769
(1910)).

In moving for its attorneys' fees, RPCI points to paragraph 10 of the parties'
Agreement which states:

> If any party to this Agreement brings an action or proceeding to enforce his/its rights hereunder, the prevailing party shall be entitled to recover its costs and expenses, including court costs and attorneys' fees, if any, incurred in connection with such action or proceeding.

RPCI is seeking $8,535 for fees it incurred in responding to Plaintiff's motion to enforce.

In opposition to RPCI's motion, Plaintiff moved for reconsideration, which motion has been denied.  This leaves RPCI as the prevailing party on Plaintiff's motion to enforce and the only remaining question is whether the amount RPCI seeks is warranted.  Although Plaintiff has not raised any objection in this regard,[3] this Court will consider RCPI's request in accordance with the calculation method approved by the Second Circuit.

In Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,[4] the Second Circuit "undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time" in the circuit and district courts.  Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).  In particular, the Circuit Court sought to reconcile the "lodestar" method[5] of determining fees (the product of the attorney's usual hourly rate and the number of hours worked, subject to adjustment based on case-specific considerations to arrive at a "reasonable fee"), with the one-step method developed in Johnson v. Georgia Highway Express, Inc. (which considered twelve specific factors to arrive at the "reasonable fee").  Arbor Hill, 493 F.3d at 114 (citing Johnson, 488 F.2d 714 (5th Cir. 1974)).  "Relying on the substance of both approaches, [the Second Circuit] set

---

[3]  Though now represented by counsel, Plaintiff was acting *pro se* when he filed his response to the motion for fees and the motion will be considered in that light.

[4]  493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)

[5]  The lodestar method was developed by the Third Circuit. Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973), and is the method previously  employed in this Circuit.

forth a standard that [it] termed the 'presumptively reasonable fee.'" <u>Simmons</u>, 575 F.3d at 174.

District courts now are directed to set a reasonable hourly rate, bearing in mind all the case-specific variables the Second Circuit and other courts have identified as relevant to the reasonableness of attorney's fees, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." <u>Arbor Hill</u>, 493 F.3d at 117. After <u>Arbor Hill</u>, the presumptively reasonable fee is "what a reasonable, paying client would be willing to pay," given that a client "wishes to spend the minimum necessary to litigate the case effectively." 493 F.3d at 112, 118. To arrive at that fee, district courts must consider applicable <u>Johnson</u> factors, which include, for example, the complexity and difficulty of the matter, the level of skill required to perform the legal service properly, the attorney's customary hourly rate, and the experience, reputation, and ability of the attorney. <u>Johnson</u>, 488 F.2d at 717-19.

Notwithstanding the Second Circuit's rejection of the term "lodestar," the presumptively reasonable fee is still to be determined by reference to the number of hours reasonably expended on a matter and the reasonable fee to be charged for those hours. <i>See generally</i>, <u>Bliven v. Hunt</u>, 579 F.3d 204, 213 (2d Cir. 2009). Thus, the task still requires a review of reasonably detailed time records as contemplated by <u>New York Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1148 (2d Cir. 1983).

Here, RPCI seeks an hourly rate of $250 for Attorney Grasso, who is a firm partner with twenty years of legal experience. This Court recently reviewed rates billed and awarded in this District in matters both more and less complex than here. Based on that review, a rate of $250 is appropriate for an attorney of Grasso's skill and experience

practicing in this community.  <u>Williams v. Beemiller, Inc.</u>, No. 05-CV-836, 2010 U.S. Dist. LEXIS 21797, at *12 (W.D.N.Y. Mar. 10, 2010), *rev'd on other grounds*, 2011 U.S. App. LEXIS 6184 (2d Cir. Mar. 25, 2011) (finding rate of $250 for experienced firm partners appropriate); <u>Disabled Patriots of Am., Inc. v. Niagara Group Hotels LLC</u>, No. 07-CV-284, 2010 U.S. Dist. LEXIS 9574, at *14-15 (W.D.N.Y. Feb. 2, 2010) (collecting cases and finding rates of $ 200-$ 240 for firm partners reflective of current market rates in community).

RPCI also seeks $100 per hour for the services of a paralegal.  This rate is excessive for this District, and is reduced to $75 per hour.  <u>Estay v. Moren & Woods LLC</u>, 09-CV-620, 2009 U.S. Dist. LEXIS 119033 (W.D.N.Y. Dec. 22, 2009) (approving paralegal rate of $50); <u>Cooper v. Niagara Cmty. Action Program</u>, 08-CV-468, 2009 U.S. Dist. LEXIS 28991 (W.D.N.Y. Apr. 3, 2009) (approving paralegal rate of $75).

RPCI's request for fees is supported by hourly billing records and an affidavit.  The court must exclude any hours that it concludes were "excessive, redundant, or otherwise unnecessary."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  In deciding whether time was "reasonably expended," the court must ask whether the attorney exercised "billing judgment."  *See* <u>Anderson v. Rochester-Genesee Reg'l Transp. Auth.</u>, 388 F. Supp. 2d 159, 163 (W.D.N.Y. 2005).

There are two instances where the Court cannot conclude that time was reasonably expended.  A billing entry for March 16, 2009 lists 0.7 hours to review Plaintiff's "latest court filing."  (Docket No. 68-2  at 5.)  But the docket in this case indicates that filing was Plaintiff's motion to enforce, which counsel already had reviewed on March 9, 2009.  (*Id.*)  This 0.7 hours will be deleted.  Also, between April 2 and April 24, 2009, counsel billed 11

hours to revise and finalize papers in opposition to the motion to enforce. (*Id*. at 7-8.)  This appears excessive in that counsel billed just 13.5 hours to draft all opposing documents in the first instance. (*Id.* at 6.)  The time spent on revision is reduced by 50 percent, to 5.5 hours.

Based on the foregoing, RPCI is awarded 27.5 hours of Attorney Grasso's time at $250 per hour, and 1.1 hours of paralegal time at $75 per hour, for a total of $6,957.50.

## III.  CONCLUSION

For all of the reasons stated above, Plaintiff's motion for reconsideration and his motions alleging further breaches of the Agreement are denied.  Defendant RPCI's motion for attorneys' fees is granted, and RPCI is entitled to fees in the amount of $6,957.50.

## IV.  ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 69) is DENIED.

FURTHER that Plaintiff's Motion for Relief from Order and Reconsideration (Docket No. 84) is DENIED.

FURTHER that Defendant Roswell Park Cancer Institute's Motion for Attorneys' Fees (Docket No. 68) is GRANTED, and Defendant is awarded fees in the amount of $6,957.50.

FURTHER that Plaintiff's "Motion Breach the Confidential Agreement" (Docket No. 91) is DENIED.

FURTHER that Plaintiff's "Motion Breach the Agreement" (Docket No. 96) is DENIED.

FURTHER that the Clerk of the Court is directed to enter Judgment consistent with

this Decision and Order.

     SO ORDERED.

Dated:      October 18, 2011
              Buffalo, New York

                                    /s/William M. Skretny
                                  WILLIAM M. SKRETNY
                                      Chief Judge
                            United States District Court