UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALI GHADERSOHI,

                      Plaintiff,                  **DECISION AND ORDER**

      v.

                                                 08-CV-355S(Sc)

HEALTH RESEARCH, INC. and
ROSWELL PARK CANCER INSTITUTE,

                      Defendants.

---

1.      Plaintiff commenced this employment discrimination action on May 13, 2008. The case was closed on February 11, 2009, after the parties filed a stipulation of discontinuance. Throughout 2009, Plaintiff proceeded to file numerous motions in the closed case—Docket Nos. 49 (motion to seal), 52 (motion to enforce settlement agreement) 53 (motion to expedite), 69 (motion to seal), 70 (motion for reconsideration, 71 (motion to seal), 72 (motion for scheduling conference), 73 (motion to seal), 74 (motion to file under seal), 75 (motion to file under seal), 80 (motion for leave to proceed in forma pauperis), 86 (motion to seal), 87 (motion to seal), 88 (motion to appoint counsel), 91 (motion alleging further breach of confidentiality agreement), 102 (motion for extension of time), and 104 (motion to seal). In January 2012, Plaintiff filed a motion for withdrawal of attorney (Docket No. 120). Presently before the Court is Plaintiff's motion, filed on March 28, 2014, requesting that the case be reopened for the purpose of sealing this action in its entirety. (Docket No. 131).

2.      There is a presumption that Court documents are accessible to the public and "that

a substantial showing is necessary to restrict access." Local Rules of Civil Procedure 5.3(a). Cases recognize the common-law right of access to judicial documents as a measure of accountability for federal courts. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006); DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). "Without monitoring, . . . the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). Where the documents or statements at issue are of a type routinely filed by the court and generally accessible, the presumption of accessibility is stronger than where the documents or statements are unusual or of a type generally filed under seal. Id. at 1050. The weight of the presumption of accessibility must be balanced with any countervailing factors, such as the danger that disclosure will impair law enforcement, judicial efficiency, or the privacy interests of third-parties, promote scandal, or be used to gratify private spite. Id. at 1050-51.

There also exists a qualified First Amendment right to access certain judicial documents. Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004). Where such a right exists, documents may be sealed only if the court makes specific, on the record findings demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987). Under both the common law and the First Amendment, the burden of demonstrating that a document or case should be sealed rests with the party seeking that relief. Amodeo, 71 F.3d at 1047.

3. Each of Plaintiff's 2009 motions to seal related to specific pleadings or documents and were based on the confidential nature of information contained therein. The motions

were, in large part, granted. Plaintiff now requests that this entire case be sealed, and also removed from PACER[1], based on his belief that he has been unable to obtain employment because "companies such as: FindACase and LAW.JUSTIA.COM" published on the internet information about a different action he filed in this Court in 2010. (Docket No. 131 ¶ 1 Exh. A.)

4.  The documents that remain accessible in this case are the type that give rise to a strong presumption against sealing. The only concern Plaintiff has raised relates to a different action entirely, and so does not warrant sealing of this case. Accordingly, Plaintiff's motion to seal is denied and his request to reopen this case for that purpose is denied as moot.

5.  IT HEREBY IS ORDERED that Plaintiff's Motion to Reopen and Seal this Case (Docket No. 131) is DENIED;

FURTHER that Plaintiff is prohibited from filing any further motions in this closed case; and

FURTHER that the Clerk of Court shall not accept any further motions for filing in this closed case.

SO ORDERED.

Dated:   April 14, 2014
         Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                        Chief Judge
                                                  United States District Cour

---

1 The combination of PACER and electronic case filing system makes plaintiff's case accessible to those with computer access and an account with the federal judiciary to access filings. Documents that are part of the publically-accessible record may be republished or discussed elsewhere.