UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALI GHADERSOHI,

                      Plaintiff,

      v.                                                   **DECISION AND ORDER**
                                                                 08-CV-355S

HEALTH RESEARCH, INC.,
ROSWELL PARK CANCER INSTITUTE and
HEALTH RESEARCH, INC.,

                      Defendants.

      1.      This action was terminated in February 2009, after the parties filed a stipulation of discontinuance. (Docket Nos. 45, 48.) After the case closed, vigorous motion practice ensued, some of which involved matters necessitating that certain documents be sealed. On June 20, 2014, Defendant Health Research Inc. ("HRI") moved to unseal two previously sealed documents: (1) a motion, with exhibits, filed by Plaintiff on March 11, 2009 (Docket No. 52); and (2) the August 2, 2009 Decision and Order of this Court on the motion (Docket No. 62). Plaintiff opposes the instant motion to unseal, which is now fully briefed.

      2.      On April 4, 2014, Plaintiff commenced a new action against HRI in New York State Supreme Court, County of Erie. (Docket No. 134-1.) HRI asserts that "[t]he State Court Action makes the same allegations and claims against HRI that [Plaintiff] alleged . . . in his March 11, 2009 motion" and which were dismissed in this Court's August 2, 2009 decision. (Docket No. 134, ¶¶ 6-7.) HRI requests that Docket Nos. 52 and 62 be unsealed so that it may submit the documents as exhibits to a motion to dismiss the

new action on *res judicata* grounds. Counsel attests that HRI will request that the presiding judge in the state court action issue an order that the documents be filed under seal in that action. (Id. ¶ 10.)[1]

3. Plaintiff opposes HRI's motion to unseal because: (1) this case is closed and HRI's motion is against the law; (2) the request is irrelevant as the state court action is not barred by *res judicata*; (3) unsealing would violate a confidentiality agreement; and (4) unsealing will harm Plaintiff's privacy and reputation. (Docket No. 138.) Before addressing Plaintiff's objections, the Court notes that HRI now has obtained an order in the state court action directing that all documents, exhibits and materials submitted in connection with its anticipated motion be filed under seal. (Docket No. 140-3.)

4. For the following reasons, the Court finds Plaintiff's arguments unpersuasive and will grant HRI's motion. Plaintiff's first argument relates to the Court's most recent Decision and Order in this case (Docket No. 132), which addressed the sixteenth motion filed by Plaintiff after the case was closed. This Court ruled on Plaintiff's motion and then expressly prohibited him "from filing any further motions in this closed case." (Id.) Defendants were not included in the prohibition, and HRI's motion is not otherwise "against the law." As to Plaintiff's second concern, the decision of whether any or all of his state court claims are barred by *res judicata* is solely within the province of the state court judge. Federal courts do, however, recognize that *res judicata* and collateral estoppel "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourages reliance on

---

[1] In a reply affidavit, HRI noted that its deadline for filing a motion to dismiss in the state court action had passed, and that it now intends to append the documents to a motion for summary judgment which will include a *res judicata* argument. (Docket No. 140.)

adjudication." <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). This principle favors HRI, particularly where, as here, precautions are taken to safeguard any confidential information. These safeguards, already in place pursuant to the state court's sealing order and HRI's sworn statements regarding its intended handling and use of the documents, sufficiently address Plaintiff's third and fourth concerns.

    IT HEREBY IS ORDERED, that Defendant Health Research, Inc.'s Motion (Docket No. 133) is GRANTED.

    FURTHER, that the Clerk of the Court is directed to prepare certified copies of Docket Numbers 52 and 62, and deliver them to Health Research, Inc.'s counsel via first class mail, in a sealed envelope(s) marked "Confidential";

    FURTHER, that Docket Numbers 52 and 62 shall otherwise remain as sealed documents on Civil Docket 08-CV-355; and

    FURTHER, that Health Research, Inc.'s use of the certified copies shall conform with the July 17 Order of Justice Timothy J. Walker, issued in Index No.: 803611/2014 and the Affidavits of James R. Grasso, Esq. (Docket No. 134 ¶ 11) and Heather D. Diddel, Esq. (Docket No. 140 ¶¶ 11-12).

    SO ORDERED.

Dated:    August  11, 2014
             Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court